**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

JAMES CORNELL LOVETTE,

Defendant.

Case No. 3:20-cr-00044-SLG-MMS

# ORDER ON MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

Before the Court at Docket 108 is Defendant James Cornell Lovette's Motion for Early Termination of Supervised Release. The Government did not file a response. At Docket 111, the U.S. Probation Office for the District of Alaska prepared a memorandum indicating that the Probation Office does not support early termination of supervised release.

On October 24, 2022, this Court sentenced Mr. Lovette to 60 months' imprisonment and the statutory minimum eight years of supervised release after he pled guilty to a drug offense.[1] On June 24, 2025, Mr. Lovette began his term of supervised release.[2] Mr. Lovette's term of supervised release is set to expire on June 24, 2033.

[1] Docket 103 at 1-3.

[2] Docket 111 (SEALED) at 1. Mr. Lovette's motion states he was released on February 28, 2025. Docket 108 at 1.

## LEGAL STANDARD

Pursuant to 18 U.S.C. § 3583(e), a court may

> terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

A district court may only terminate supervised release after considering the factors in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).[3] Those factors are the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence, protect the public, and provide the defendant with training, care, or correctional treatment; the sentencing range established by the United States Sentencing Guidelines and pertinent policy statements; the need to avoid unwarranted sentencing disparities; and the need to provide restitution.

The United States Sentencing Guidelines Manual lists factors that a court may consider in determining whether to terminate a remaining term of supervised release:

> (i) any history of court-reported violations over the term of supervision;
>
> (ii) the ability of the defendant to lawfully self-manage (*e.g.,* the ability to problem-solve and avoid situations that may result in a violation of a condition of supervised release or new criminal charges);

[3] 18 U.S.C. § 3583(e).

(iii) the defendant's substantial compliance with all conditions of supervision;

(iv) the defendant's engagement in appropriate prosocial activities and the existence or lack of prosocial support to remain lawful beyond the period of supervision;

(v) a demonstrated reduction in risk level or maintenance of the lowest category of risk over the period of supervision; and

(vi) whether termination will jeopardize public safety, as evidenced by the nature of the defendant's offense, the defendant's criminal history, the defendant's record while incarcerated, the defendant's efforts to reintegrate into the community and avoid recidivism, any statements or information provided by the victims of the offense, and other factors the court finds relevant.[4]

The Introductory Commentary to Sentencing Guideline Part D provides that a court should conduct an individualized assessment when determining whether to impose a term of supervised release and, if one is imposed, the appropriate length of supervised release and its terms. With an individualized assessment, a "court can 'assure that [those] who will need post-release supervision will receive it' while 'prevent[ing] probation system resources from being wasted on supervisory services for releasees who do not need them.'"[5]

While a "district court generally lacks authority at sentencing to impose a term of supervised release below the statutory minimum[,] [a]fter sentencing, . . . the district court has discretion to . . . terminate an individual's term of supervised

[4] USSG § 5D1.4, comment. (n 1(B)).

[5] U.S. Sent'g Comm'n Guidelines Manual Ch.5, Pt.D, intro. comment. (Nov. 2025) (quoting S. Rep. No. 98-225, at 54 (1983)).

release 'at any time after the expiration of one year . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'"[6] Federal Rule of Criminal Procedure 32.1 provides the procedural mechanism for modifying terms of supervised release.

## DISCUSSION

Mr. Lovette asks the Court to terminate his supervised release term early because of his "exemplary behavior while on pretrial release for two and one-half years [and] his consistent employment at Chevrolet South Anchorage both during pretrial and on supervised release."[7] Mr. Lovette also notes that while in custody he completed RDAP and after his release he completed a community treatment services program.[8]

The Probation Office memorandum confirms that Mr. Lovette "has maintained stable housing and stable employment at Lithia Chrysler Dodge Jeep Ram FIAT of South Anchorage," "has made significant efforts to establish a relationship with his minor daughter and has been a great support for other family members," and "has been responsive to instructions from U.S. Probation and communicated all changes that have occurred under supervision in an appropriate

---

[6] *United States v. Livar*, 108 F.4th 738, 743 (9th Cir. 2024) (quoting 18 U.S.C. § 3583(e)(1)).

[7] Docket 108 at 3.

[8] Docket 108 at 4.

timeframe."[9] Further, Mr. Lovette has provided negative drug tests, has not had any violations of his supervised release conditions, and has paid the court-ordered special assessment.[10] However, the Probation Officer does not support early termination of supervised release at this time due to the short time Mr. Lovette has been on supervised release, his conviction for a serious drug offense, and his criminal history.[11]

The Court has considered the applicable § 3553(a) factors. The Court finds that while Mr. Lovette has complied with the terms of supervised release, has completed treatment programs, and has maintained stable housing and employment, he has only been on supervised release for approximately 15 months of a 96 month-term. Further, Mr. Lovette's instant offense was possession of a controlled substance with intent to distribute within 1000 feet of a school. Therefore, the Court finds that early termination of supervised release is not warranted at this time.

## CONCLUSION

In light of the foregoing, Mr. Lovette's Motion for Early Termination of Supervised Release at Docket 108 is **DENIED without prejudice** to renewal after he has completed 3 years of supervised release without any significant violations.

---

[9] Docket 111 (SEALED) at 1.

[10] Docket 111 (SEALED) at 1.

[11] Docket 111 (SEALED) at 1.

DATED this 6th day of October 2026, at Anchorage, Alaska.

_/s/ Sharon L. Gleason_
UNITED STATES DISTRICT JUDGE